■ JOHN J. FUMO, JR., et al., Respondents, v NAB CONSTRUCTION CORPORATION, Appellant. [734 NYS2d 631] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 9, 2000, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The injured plaintiff, an employee of Massand Engineering, was injured when a ladder that he was using to descend from a scaffold to a barge beneath the Tappan Zee Bridge, collapsed. The defendant, NAB Construction Corporation (hereinafter NAB), had contracted with the New York State Thruway Authority to replace the middle lane of the Tappan Zee Bridge, and the injured plaintiff was inspecting the work performed by NAB at the time of the accident. It is unclear from the record which entity Massand Engineering had contracted with to perform the inspection work, as well as whether NAB had any supervisory authority with respect to the inspection work. Accordingly, there are material questions of fact with respect to whether NAB was a "contractor" responsible for the injuries pursuant to Labor Law § 240 (1). Since NAB is not an owner, and it cannot be ascertained from the record if it was either a general contractor or a statutory agent of the owner or general contractor, the plaintiffs should not have been granted summary judgment on their Labor Law § 240 (1) claim (*see Russin v Picciano & Son,* 54 NY2d 311; *D'Amico v New York Racing Assn.,* 203 AD2d 509).

Moreover, since NAB failed to establish its entitlement to judgment as a matter of law on the common-law negligence claims, summary judgment dismissing those claims was properly denied (*see, e.g. Xirakis v 1115 Fifth Ave. Corp.,* 226 AD2d 452; *Lynch v City of New York,* 209 AD2d 590). S. Miller, J. P., Friedmann, Adams and Cozier, JJ., concur.