Campanello v Cinquemani (2020 NY Slip Op 00257)





Campanello v Cinquemani


2020 NY Slip Op 00257


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-08650
 (Index No. 702729/14)

[*1]Gesualdo Campanello, appellant, 
v
Joseph Cinquemani, respondent.


Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (John J. Nicolini and Anthony Abruscati of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 21, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while removing trees from the backyard of the defendant's property. The property, located in Dix Hills, was improved by a single-family dwelling in which the defendant resided with his family. At the time of the accident, the plaintiff, who had been hired by the defendant's cousin, whom he considered his boss, was using the defendant's chainsaw to cut branches from a downed tree while another worker assisted him by pulling away the branches after they were cut. The defendant's cousin was operating an excavator to move another downed tree that was situated on top of the tree the plaintiff was cutting. According to the plaintiff, as he was using the chainsaw to cut branches from the downed tree, the excavator moved the top tree, causing a branch underneath it to snap back and strike him on the forehead.
The plaintiff commenced this action against the defendant, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
We agree with the Supreme Court's determination granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). Labor Law §§ 240(1) and 241(6) provide an exemption from liability for "owners of one and two-family dwellings who contract for but do not direct or control the work." The evidence submitted by the defendant in support of his motion, including the plaintiff's deposition testimony, established, prima facie, that the work was being performed at the defendant's single-family residence, and that the defendant did not direct or control the plaintiff's work. The defendant's activities in visiting the work site, providing plans for the area to be worked on, making general decisions, and reviewing the progress of the work were "no more [*2]extensive than would be expected of the ordinary homeowner" (Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 971 [internal quotation marks omitted]; see Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 850). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Lombardi v City of New York, 175 AD3d 1521).
We also agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60). Here, the defendant established, prima facie, that he did not create or have actual or constructive notice of any dangerous condition involving the tree branch (see Mendez v Vardaris Tech, Inc., 173 AD3d 1004, 1005). Moreover, the plaintiff did not allege that the defendant's chainsaw was dangerous or defective (see Chowdhury v Rodriquez, 57 AD3d 121, 131-132). The defendant also established, prima facie, that he did not have authority to supervise or control the performance of the work (see McFadden v Lee, 62 AD3d 966, 967). "Evidence of mere general supervisory authority to oversee the progress of the work, to inspect the work product, and/or to make aesthetic decisions is insufficient to impose liability under Labor Law § 200" (id. at 967). In opposition, the plaintiff failed to raise a triable issue of fact (see Davies v Simon Prop. Group, Inc., 174 AD3d 850, 855). For the same reasons, we agree with the court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging common-law negligence (see Ortega v Puccia, 57 AD3d at 63).
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court