Londono v Dalen, LLC (2022 NY Slip Op 02259)

Londono v Dalen, LLC

2022 NY Slip Op 02259

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.

2019-12812
 (Index No. 510684/14)

[*1]Reinaldo Hincapie Londono, plaintiff-respondent,
v
Dalen, LLC, et al., defendants-respondents, A & L Construction Services, Inc., appellant, et al., defendant.

Havkins Rosenfeld Ritzert, LLP, Mineola, NY (Gail L. Ritzert and Thomas E. Fogarty of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for plaintiff-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for defendant-respondent Dalen, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant A & L Construction Services, Inc., appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 11, 2019. The order denied that defendant's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
On October 25, 2014, the plaintiff allegedly was injured during the course of performing drywall finishing work at property owned by the defendant Dalen, LLC (hereinafter Dalen), and leased to the defendant BAM Hospitality, LLC (hereinafter BAM). BAM was in the process of renovating the leased premises, and it is undisputed that BAM hired the defendant A & L Construction Services, Inc. (hereinafter A & L), to perform work on the renovation job. At the time of the accident, the plaintiff was employed by nonparty Par Wall Finishing, Inc. The plaintiff commenced this action against Dalen, BAM, A & L, and another defendant to recover damages for personal injuries, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). A & L subsequently moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and A & L appeals.
"Labor Law § 200 is a codification of the common-law duty of owners and general contractors to provide construction workers with a safe place to work" (Haider v Davis, 35 AD3d 363, 364). Where, as here, the plaintiff's injuries arise from the manner in which the work is performed, "there is no liability under the common law or Labor Law § 200 unless the owner or general contractor exercised supervision or control over the work performed" (Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 801).
"Labor Law § 240(1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" (Aversano v JWH Contr., LLC, 37 AD3d 745, 746). Similarly, "Labor Law § 241(6), by its very terms, imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [emphasis omitted], quoting Labor Law § 241[6]). A contractor is subject to liability under Labor Law §§ 240(1) and 241(6) where the contractor is "'responsible for coordinating and supervising the entire construction project and [is] invested with a concomitant power to enforce safety standards and to hire responsible contractors'" (Valdez v Turner Constr. Co., 171 AD3d 836, 839, quoting Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856).
Here, given the conflicting evidence submitted in support of A & L's motion, A & L failed to eliminate all triable issues of fact, including whether A & L was a general contractor responsible for the plaintiff's injuries under the Labor Law (see Fumo v NAB Constr. Corp., 289 AD2d 442, 443; see also Russin v Louis N. Picciano & Son, 54 NY2d 311). Since A & L failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court