Flores v Crescent Beach Club, LLC (2022 NY Slip Op 04901)

Flores v Crescent Beach Club, LLC

2022 NY Slip Op 04901

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-02706
 (Index No. 669/17)

[*1]Robert Flores, respondent, 
v
Crescent Beach Club, LLC, et al., defendants, Lad Creative, Inc., appellant (and a third-party action).

Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., New York, NY (Brian J. Shoot and Deanne M. Caputo of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Lad Creative, Inc., appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated December 12, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Lad Creative, Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured while demolishing a rotting wooden pergola at the Crescent Beach Club in Bayville. At the time of the accident, the plaintiff was standing on top of the pergola. He cut a piece of the pergola for demolition, and immediately thereafter, the piece he was standing on gave way and he fell to the ground. The plaintiff commenced two separate personal injury actions that were later consolidated, against, among others, the defendant Lad Creative, Inc. (hereinafter Lad), alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff alleged that Lad acted as the general contractor on the project or as an agent of the owner.
Lad moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated December 12, 2019, the Supreme Court, among other things, denied that branch of Lad's motion. Lad appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). Similarly, "Labor Law [*2]§ 241(6), by its very terms, imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348).
A party is a contractor subject to liability under Labor Law §§ 240(1) and 241(6) when it is responsible for coordinating and supervising the project and has a concomitant power to enforce safety standards and to hire responsible contractors (see Londono v Dalen, LLC, 204 AD3d 658; Valdez v Turner Constr. Co., 171 AD3d 836, 839; Williams v Dover Home Improvement, 276 AD2d 626, 626). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has the 'ability to control the activity which brought about the injury'" (Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d 592, 593, quoting Walls v Turner Constr. Co., 4 NY3d 861, 863-864; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318).
Here, Lad failed to establish, prima facie, that it was not acting as a general contractor or agent of the owner of the premises when the accident occurred (see Londono v Dalen, LLC, 204 AD3d 658; Fumo v NAB Constr. Corp., 289 AD2d 442, 443). The evidence submitted in support its motion demonstrated, inter alia, that Lad's owner was involved with the hiring of the plaintiff's employer for the pergola demolition and replacement, that he provided some oversight on the job and some direction to the workers, and that he was present at the time of the accident. Since Lad failed to make a prima facie showing that it was not a general contractor or agent of the owner, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364; see generally Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 349; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502-504). Here, the cause of action alleging a violation of Labor Law § 241(6) is predicated on Industrial Code 12 NYCRR 23-3.3(c), which mandates continuing inspections during hand demolition operations to detect hazards "resulting from weakened or deteriorated floors or walls or from loosened material." In support of its motion, Lad established, prima facie, the inapplicability of this provision by demonstrating that the hazard arose from the plaintiff's actual performance of the demolition work itself, and not structural instability caused by the progress of the demolition (see Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885; Smith v New York City Hous. Auth., 71 AD3d 985, 987; Campoverde v Bruckner Plaza Assoc., L.P., 50 AD3d 836, 837). In opposition, the plaintiff failed to raise a triable issue of fact. Consequently, the Supreme Court should have granted that branch of Lad's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it.
Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to maintain a safe workplace (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 352; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). "An implicit precondition to [the] duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (Russin v Louis N. Picciano & Son, 54 NY2d at 317; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Ross v Curtis-Palmer Hydro-Elec Co., 81 NY2d at 505). "Although property owners [and general contractors] often have a general authority to oversee the progress of the work, mere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" or for common-law negligence (Ortega v Puccia, 57 AD3d 54, 62; see Comes v New York State Elec. & Gas Corp., 82 NY2d at 877; Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 608; Austin v Consolidated Edison, Inc., 79 AD3d 682, 684). "A defendant has the authority to supervise or control the work for the purposes of Labor Law § 200 when that defendant bears the responsibility [*3]for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62; see Crichigno v Pacific Park 550 Vanderbilt, LLC, 186 AD3d 664, 666; Kearney v Dynegy, Inc., 151 AD3d 1037, 1039).
Here, Lad established, prima facie, that it did not possess the authority to supervise or control the means and methods of the plaintiff's work (see Campanello v Cinquemani, 179 AD3d 763, 765; McFadden v Lee, 62 AD3d 966, 967-968). In opposition, the plaintiff failed to raise a triable issue of fact (see Campanello v Cinquemani, 179 AD3d at 765; Lopez v Edge 11211, LLC, 150 AD3d 1214, 1216). Accordingly, the Supreme Court should have granted those branches of Lad's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it.
In light of the foregoing, we need not consider the parties' remaining contentions.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court