**Saraiva v 540 Fulton Owner LLC**

2024 NY Slip Op 31079(U)

March 27, 2024

Supreme Court, Kings County

Docket Number: Index No. 506654/21

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of the
State of New York held in and for the County
of Kings at 360 Adams Street, Brooklyn, New
York, on the 27th day of March 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS
-----------------------------------------------------------------X
CRISTIANO RODRIGUES SARAIVA,

                                  Plaintiff,

        -against-

540 FULTON OWNER LLC, 540 FULTON
ASSOCIATES LLC, JENEL MANAGEMENT
CORP., and PAV-LAK CONTRACTING INC.,

                              Defendants.
-----------------------------------------------------------X
540 FULTON OWNER LLC, 540 FULTON
ASSOCIATES LLC, JENEL MANAGEMENT
CORP., and PAV-LAK CONTRACTING INC.,

                        Third Party Plaintiffs,

        -against-

FACADE SOLUTIONS NEW YORK, LLC,

                        Third Party Defendant
-----------------------------------------------------------------X

**ORDER**

Index No. 506654/21

| The following e-filed papers read herein: | NYSCEF Doc Nos.: |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 29-52, 93-94, 96-101 |
| Opposing Affidavits (Affirmations) | 89-92, 95, 102-105, 107-109, 110-111 |
| Affidavits/ Affirmations in Reply | 107-109 |

Upon the foregoing papers, plaintiff Cristiano Rodrigues Saraiva moves (Motion Seq. 1), for an order, pursuant to CPLR 3212, granting partial summary judgment in plaintiff's favor on his Labor Law §§ 240 (1) and 241 (6) claims.

Defendants 540 Fulton Owner LLC, 540 Fulton Associates LLC, Jenel Management Corp (Jenel) and Pav-Lak Contracting Inc., (Pav-Lak) (collectively, defendants) cross-move (Motion Seq. 3), for summary judgment dismissing plaintiff's claims arising under Labor Law §§ 240 (1), 241 (6), 200 and common law negligence.

Third-party defendant Facade Solutions New York, LLC, (Facade) cross-moves (Motion Seq. 4), for an order: a) pursuant to CPLR 603 and 1010, granting severance of all claims and cross claims asserted against Facade; or in the second alternative, b) pursuant to 22 NYCRR § 202.21(e), vacating the Note of Issue and Certificate of Readiness for Trial and striking the case from the trial calendar.

This matter involves an accident that occurred on March 5, 2021, at a project related to the construction of a 43-story mixed-use building located at 540 Fulton Street in Brooklyn. On or about December 5, 2018, 540 Fulton Associates LLC sold the property to 540 Fulton Owner LLC. At some point prior to the sale, 540 Fulton Associates hired Pav-Lak to serve as the construction manager for the project and Jenel served as the owner's representative. Pav-Lak retained non-party Zebian International Facade Solutions New York (Zebian) to provide labor and material to supply, manufacture and install the curtain wall system which includes the glass and aluminum that comprised the facade of the building. Zebian subcontracted with Facade to install the Zebian curtain wall products.

Plaintiff was employed by Facade to perform work as a helper at the project beginning in June 2020. On March 5, 2021, plaintiff, along with two of his Facade co-workers (Francis and Mike), were tasked with removing glass panels that were on a crate/pallet located on the first floor and transporting said panels to the sixth floor. The glass panels were delivered to the site as a set of 10 and were all wrapped in plastic and secured in a wooden crate. This crate consisted of a wooden base, approximately four or five inches tall, with 2 x 4s attached to the frame of the crate to secure the glass panels inside. Each glass panel was approximately 4 or 5 feet tall, 2 to 3 inches thick and weighed approximately 180-200 pounds. Plaintiff and his coworkers were responsible for unpacking and separating the panels for transport to another floor. However, only three or four panels could be transported at a time because the elevator could not support the weight of all 10 panels at the same time.

Plaintiff brought an A-frame cart down from the sixth floor to the first floor along with an extension cord and a Sawzall to be used to open the crate and separate the panels for transport. Francis was responsible for using the Sawzall to remove the 2x4 pieces of wood that secured the glass panels within the crate. Plaintiff testified that his supervisor, Mike, instructed him to collect the 2 x 4s that Francis was removing and place them in a bin a couple of feet away. Francis had removed three 2x4 pieces of wood from the front of the crate and the plastic wrap was still covering all of the panels. The next step was to remove the plastic and then use suction cups to remove the glass panels to place them on the A-frame cart one at a time. Two people were required to lift each panel and one person was needed to stabilize the cart. Mike instructed plaintiff to grab the A-frame cart and that it was his responsibility to hold the A-frame cart so that it remained stable as his co-workers placed the glass panels onto the cart. Plaintiff further testified that as he was returning from placing the 2 x 4s in the bin and about to grab the A-frame cart, the group of 10 glass panels fell over and landed on his legs causing plaintiff to fall to the ground and sustain various injuries.

Plaintiff commenced the instant action by filing a summons and verified complaint on March 19, 2021. Defendants joined issue by filing a verified answer on May 28, 2021, and an amended answer on August 11, 2021. On or about December 14, 2021, plaintiff served his verified bill of particulars and thereafter served several amended bills of particulars. Depositions were conducted in the main action and

2

[* 2]

plaintiff filed his note of issue on January 9, 2023. Defendants then moved to vacate the note of issue (mot. seq. no.2), arguing that discovery was outstanding. However, the parties entered into a stipulation, which was incorporated into an order of this court which withdrew the motion and agreed that the case should remain on the trial calendar and that discovery would continue post note of issue. On or about March 9, 2023, defendants commenced a third-party action against FSNY and an answer to the third-party complaint was served by FSNY on June 7, 2023.

Plaintiff moves for partial summary judgment in his favor on his Labor Law §§ 240 (1) and 241 (6) claims. A party moving for summary judgment bears the burden of making a prima facie showing of entitlement to judgment as a matter of law and must tender sufficient evidence in admissible form to demonstrate the absence of any material factual issues (CPLR 3212 [b]; *Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Korn v Korn*, 135 AD3d 1023, 1024 [3d Dept 2016]). Failure to make this prima facie showing requires denial of the motion (*see Alvarez*, 68 NY2d at 324; *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidence in admissible form sufficient to establish an issue of material fact requiring a trial (*see* CPLR 3212; *Alvarez*, 68 NY2d at 324; *Zuckerman*, 49 NY2d at 562). "[A]verments merely stating conclusions, of fact or of law, are insufficient to defeat summary judgment" (*Banco Popular North America v Victory Taxi Management, Inc.*, 1 NY3d 381, 383 [2004] [internal quotations omitted]). The court must view the totality of evidence presented in the light most favorable to the nonmoving party and accord that party the benefit of every favorable inference (*see Fortune v Raritan Building Services Corp.*, 175 AD3d 469, 470 [2d Dept 2019]; *Emigrant Bank v Drimmer*, 171 AD3d 1132, 1134 [2d Dept 2019]).

Labor Law § 240 (1), states, in relevant part, that:

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

The purpose of Labor Law § 240 (1) is to protect workers "from the pronounced risks arising from construction work site elevation differentials" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *see also Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Consequently, Labor Law § 240 (1) applies to accidents and injuries that directly flow from the application of the force of gravity to an object or to the injured worker

3

[* 3]

performing a protected task (*see Gasques v State of New York*, 15 NY3d 869 [2010]; *Vislocky v City of New York*, 62 AD3d 785, 786 [2d Dept 2009], *lv dismissed* 13 NY3d 857 [2009]). The statute is designed to protect against "'such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured'" (*Ross v DD 11th Ave., LLC*, 109 AD3d 604, 604-605 [2d Dept 2013], quoting *Ross*, 81 NY2d at 501.

The duty to provide the required "proper protection" against elevation-related risks is nondelegable; therefore, owners, contractors and their agents are liable for the violations even if they have not exercised supervision and control over either the subject work or the injured worker (*see Zimmer v Chemung County Performing Arts, Inc.*, 65 NY2d 513, 521 [1985] [owner or contractor is liable for Labor Law § 240 (1) violation "without regard to . . . care or lack of it"]; *see Roblero v Bais Ruchel High`Sch., Inc.*, 175 AD3d 1446, 1447 [2d Dept 2019]). "To succeed on a cause of action under Labor Law § 240 (1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries" (*id.*). "A worker's comparative negligence is not a defense to a claim under Labor Law § 240 (1) and does not effect a reduction in liability" (*Roblero*, 175 AD3d at 1447, citing *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286 [2003]; *see also Garzon v Viola*, 124 AD3d 715, 716-717 [2d Dept 2015]). In this regard, "where . . . a violation of Labor Law § 240 (1) is a proximate cause of an accident, the worker's conduct cannot be deemed solely to blame for it" (*Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 696 [2d Dept 2006], citing *Blake*, 1 NY3d at 290).

Plaintiff's testimony herein reveals that his Labor Law § 240 (1) claim arises out of his being struck in the legs by an inadequately secured load of 10 glass panels, each weighing approximately 180-200 pounds, which fell from a cart located approximately four or five inches off the ground. He argues that defendants violated the statute as they failed to ensure that the load of panels was properly secured to protect workers in the area from the risk of being struck. In support of this, plaintiff points to the Pav-Lak accident investigation report that was prepared following the incident which determined that the workers had failed to properly brace the glass in the crate prior to uncrating it and/or that there was no safety strap or rope to secure the glass to prevent it from falling (*see* NYSCEF Doc No. 44). Plaintiff contends that the fact that the bottom of the crate containing the glass panels was only four or five inches off the ground does not take it out of the protections afforded under Labor Law § 240 (1).

In opposition, defendants argue that Labor Law § 240 (1) is not applicable because the glass panels were properly secured and, in any event, plaintiff's actions were the sole proximate cause of the accident. In this regard, defendants note that plaintiff's testimony confirms that prior to the accident, the glass panels were properly secured within the crate. However, the 2x4s securing the glass panels had to be removed in order to access a few panels at a time in order to place them on the A-frame cart for transport. Defendants argue that plaintiff was aware that the 2x4s were being removed and that he had no work related reason for

4

standing directly in front of the glass panels at the time that the accident occurred. Moreover, they contend that video footage of the accident directly contradicts plaintiff's testimony regarding the events leading up to the accident and shows that plaintiff had touched and leaned on the crate containing the glass panels seconds prior to the accident. Thus, defendants assert that it was plaintiff's own actions that proximately caused the accident.

Additionally, Facade opposes plaintiff's motion as premature arguing that it was just brought into the case and has not had time to conduct discovery.

In reply, plaintiff argues that defendants' contention that the glass panels were properly secured lacks merit, pointing to the violations that were issued following the accident wherein the Department of Buildings (DOB) issued a partial stop-work order after an inspection revealed that there were no safety measures in place at the site. Plaintiff further argues that defendants' further contention that his actions in standing in front of the panels and touching them were the sole proximate cause of the accident is similarly without merit as evidenced by the DOB determination. Moreover, plaintiff points out that defendants have failed to demonstrate that plaintiff was specifically instructed not to stand in the area he was in at the time of the accident.

"To prevail on a motion for summary judgment in a Labor Law § 240 (1) 'falling object' case, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (*Romero v 2200 N. Steel, LLC*, 148 AD3d 1066, 1067 [2d Dept 2017]; *see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662-663 [2014]; *Outar v City of New York*, 5 NY3d 731, 732 [2005]). "Labor Law § 240 (1) 'does not automatically apply simply because an object fell and injured a worker; '[a] plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Fabrizi*, 22 NY3d at 663, quoting *Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, 268 [2001]).

The Court of Appeals in *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, (18 NY3d 1 [2011]), determined that a plaintiff is not precluded from recovery under Labor Law § 240 (1) solely because the object that struck him or her was at the same level and that a short elevation differential between a worker and a falling object is not considered de minimis if the weight of the object and the force it is capable of generating on its descent is significant. As such, courts have imposed Labor Law § 240 (1) liability in circumstances where either the plaintiff and the falling object were on the same level or the object traveled only a short distance before striking the worker (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009] [holding that where a reel of wire weighing approximately 800 pounds fell down a small set of stairs "[t]he elevation differential . . . involved cannot be viewed as de minimis, particularly given the weight of the object and the amount of force it was capable of generating, even over the course of a relatively short descent"]; *Gonzalez v Madison Sixty, LLC*, 216 AD3d 1141, 1142 [2d Dept 2023] [holding that the

5

[* 5]

plaintiff's accident was the result of an elevation differential within the scope of Labor Law 240 (1) where although a compressor only fell a short distance before striking plaintiff, given the weight of the compressor and the amount of force it was capable of generating, the height differential was not de minimis]; *Grigoryan v 108 Chambers St. Owner, LLC*, 204 AD3d 534, 534 [1st Dept 2022] [imposing Labor Law § 240 (1) liability where a 3-to-4 foot tall, 300-500 pound fire pump, which had been standing upright on the floor, and unsecured, fell on plaintiff's leg]; *Kandatyan v 400 Fifth Realty, LLC*, 155 AD3d 848, 850 [2d Dept 2017]; *McCallister v 200 Park, L.P.*, 92 AD3d 927, 928-929 [2d Dept 2012]; *Pritchard v Tully Constr. Co., Inc.*, 82 AD3d 730 [2d Dept 2011]; *Gutman v City of New York*, 78 AD3d 886, 887 [2d Dept 2010]).

Here, the fact that the glass panels were on a crate that was only a few inches above the level that plaintiff was standing does not preclude the court from finding that Labor Law § 240 (1) is applicable herein (*see Wilinski*, 18 NY3d at 9-10; *Natoli v City of New York*, 148 AD3d 489, 489 [1st Dept 2017]; *McCallister*, 92 AD3d at 928-929). Further, although the ten glass panels only fell a short distance onto plaintiff, since they each weighed approximately 180 to 200 pounds, they were capable of generating a significant amount of gravitational force in the short distance that they fell.

The recent Second Department case, *Laliashvili v Kadmia Tenth Ave. SPE, LLC*, (221 AD3d 988 [2d Dept 2023]), is instructive. In *Laliashvili*, plaintiff was transporting several unsecured glass panels on an A-frame cart when the glass panels fell off the cart and struck him on the head. The glass panels were approximately 8 feet high by 5 ½ half feet long and weighed approximately 60 pounds The Second Department found that triable issues of fact as to whether a belt securing the glass panels would have been necessary or expected (*see Majerski v City of New York*, 193 AD3d 715, 717 [2d Dept 2021]), and whether the plaintiff's accident was caused by the absence of such belts (*see Gutman,* 78 AD3d at 887]) precluded a grant of summary judgment to either plaintiff or defendants in relation to plaintiff's Labor Law § 240 (1) claim.

Similarly, this court finds that issues of fact exist that preclude granting summary judgment to either plaintiff or defendants with regard to plaintiff's Labor Law § 240 (1) claim. While it is undisputed that the glass panels, collectively weighing approximately 1,800 pounds, fell off the crate striking plaintiff, he testified that on prior occasions, after the first panel was removed, 2x4s were placed diagonally to secure the remaining panels to prevent them from falling. Here, plaintiff's accident occurred while he and his co-workers were in the initial process of removing the 2x4s, prior to removing the plastic that bound all of the panels together before such securing process could occur. Plaintiff testified that there was no rope or strap provided to secure the panels. In this regard, Mr. McNeice testified that based upon his experience in the industry, if there is a possibility that a load could slip, a strap or rope should be placed around it to contain it (NYSCEF Doc No. 39, McNeice tr. at 74, lines 24-25, at 75, lines 2-7). He further testified that on prior occasions, he had observed Facade employees use a strap that could be wrapped around something and then

6

[* 6]

use a ratchet to increase the tension and tighten the strap (*id.* at 75, lines 17-25, at 76, lines 2-6). In addition, the record contains a "Means and Methods" letter regarding plaintiff's accident that Mr. McNeice prepared and provided to the New York City DOB, noting that the incident occurred because "there was no safety restraint to protect the glass from falling" (NYSCEF Doc No. 47). Accordingly, that branch of plaintiff's motion seeking summary judgment in his favor on the issue of liability under Labor Law § 240 (1) is denied.

With regard to defendants' assertion that plaintiff's own actions were the sole proximate cause of his accident., the court notes that even if plaintiff was partially at fault for touching the glass panel or standing in front of said panels, a worker's comparative negligence is not a defense to a claim based on Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Mejia v 69 Mamaroneck Rd. Corp.*, 203 AD3d 815, 818 [2d Dept 2022]; *Garzon*, 124 AD3d at 716-717 [2d Dept 2015]; *Moniuszko v Chatham Green, Inc.*, 24 AD3d 638, 638-639 [2d Dept 2005]).

"While an injured worker's comparative negligence is not a defense to a Labor Law § 240 (1) cause of action, the "recalcitrant worker" defense may allow a defendant to avoid liability under the statute 'where a plaintiff's own actions are the sole proximate cause of the accident'" (*Robinson v National Grid Energy Mgt., LLC*, 150 AD3d 910, 912 [2d Dept 2017], quoting *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *see Doto v Astoria Energy II, LLC*, ·129 AD3d 660, 662 [2d Dept 2015]). "A plaintiff may be the sole proximate cause of his or her own injuries when, acting as a recalcitrant worker, he or she (1) 'had adequate safety devices available,' (2) 'knew both that' the safety devices 'were available and that [he or she was] expected to use them,' (3) 'chose for no good reason not to do so,' and (4) would not have been injured had [he or she] 'not made that choice'" (*Iannaccone v United Natural Foods, Inc.*, 219 AD3d 819, 820 [2d Dept 2023], quoting *Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp.*, 34 NY3d 1166, 1167-1168 [2020]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]; *see Lojano v Soiefer Bros. Realty Corp.*, 187 AD3d 1160, 1162 [2d Dept 2020]).

The court finds that the recalcitrant worker defense has no application here as defendants have failed to present any evidence demonstrating that plaintiff disobeyed a direct order with regard to the use of a particular safety device (*see Garbett v Wappingers Cent. Sch. Dist.*, 160 AD3d 812, 815-16 [2d Dept 2018]; *Silvas v Bridgeview Inv'rs, LLC*, 79 AD3d 727, 731 [2d Dept 2010]; *Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807, 809 [2d Dept 2010], citing *Walls v Turner Constr. Co.*, 10 AD3d 261, 262 [1st Dept 2004] [worker is recalcitrant only when such worker "disobeyed immediate specific instructions to use an actually available safety device or to avoid using a particular unsafe device"]).

Plaintiff further argues that both Jenel, as the management company for the premises, and Pav-Lak, as the construction manager, are statutory agents for the purposes of Labor Law §§ 240 (1) and 241 (6). Specifically, plaintiff contends that there was no general contractor on site and that Pav-Lak was responsible for "the management, oversight and supervision of the work, including negotiating the buyouts of all sub-

7

[* 7]

trades for the project, drafting sub-trade contracts and presenting them for execution, managing contracts, overseeing submittal processes, implementation of the Department of Buildings-required site safety plan, and day to day oversight management of the project" (NYSCEF Doc No. 30 at ¶ 64). Plaintiff further notes that Pav-Lak maintained a field office at the project site, hired the site safety management company and had the authority to stop any work being performed at the site if it was being performed in an unsafe manner.

Defendants do not oppose the branch of the motion seeking to impose Labor Law § 240 (1) liability upon Pav-Lak as a statutory agent. However, defendants do argue that all claims against 540 Fulton Associates LLC should be dismissed as it sold its interest in the premises to 540 Fulton Owner LLC prior to the date of the accident. In support of this argument, they point to the "bargain and sale deed without covenant" which indicates that 540 Fulton Associates LLC sold the subject property to 540 Fulton Owner on December 5, 2018 (NYSCEF Doc No. 40).

Accordingly, defendants have made a prima facie showing that 540 Fulton Associates LLC were not owners, contractors, or statutory agents under the Labor Law, at the time of plaintiff's accident and thus not subject to liability under the statutes. Further, plaintiff's reply and opposition papers fail to raise a triable issue of fact regarding this issue. Thus, there is no basis for plaintiff's Labor Law claims against 540 Fulton Associates LLC and said claims are dismissed.

Plaintiff also contends that Jenel, as the management company for the premises, was the statutory agent of the owner, noting that Pav-Lak's construction management agreement identified the owner of the Premises as "540 Fulton Street Associates LLC c/o Jenel" and that Jenel was the signatory to said agreement on behalf of 540 Fulton Associates, the then-property owner. He further points to the testimony of Pav-Lak's senior project manager, William McNeice, who testified that Pav-Lak had to consult with Jenel in its role as the owner's representative for decision-making on numerous items related to the project.

In opposition, defendants maintain that Jenel did not own the property and lacked authority over the work being performed at the time of plaintiff's accident, and thus cannot be deemed a statutory agent. In this regard, defendants note that it was Pav-Lak and not Jenel or 540 Fulton that was responsible for supervising and directing the work.

"A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Mitchell v 148th St. Jamaica Condominium*, AD3d 2023 NY Slip Op 05497 [2d Dept 2023], quoting *Southerton v City of New York*, 203 AD3d 977, 979 [2d Dept 2022]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC*, 197 AD3d 1289, 1290-1291 [2d Dept 2021]; *Maurisaca v Bowery at Spring Partners, L.P.*, 168 AD3d 711, 712 [2d Dept 2019]). *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2d Dept 2006]). "The determinative factor is whether the defendant had 'the right to exercise control over the work, not whether it actually exercised that right'"

[* 8]                                                                   8 of 15

(*Kavouras v Steel-More Contr. Corp.*, 192 AD3d 782, 784 [2d Dept 2021], quoting *Williams v Dover Home Improvement*, 276 AD2d 626, 626 [2d Dept 2000]).

The court finds that questions of fact exist regarding whether Jenel can be deemed a statutory agent of the owner herein. The record reveals that a representative of Jenel, Sam Dushey, signed the contract with Pav-Lak on behalf of the owners. In addition, Pav-Lak's representative, Mr. McNeice, testified that Mr. Dushey was the "day-to-day point of contact for all issues regarding this project" (NYSCEF Doc No. at 29, lines 3-5) and that he had to consult with Jenel for decision making on numerous items (*id* at 19, lines 22-25, at 20, lines 2-13). Accordingly, that branch of plaintiff's motion seeking to impose labor law liability upon Jenel, as a statutory agent is denied (*see Flores v Crescent Beach Club, LLC*, 208 AD3d 560, 562 [2d Dept 2022]; *Londono v Dalen, LLC*, 204 AD3d 658, [2d Dept 2022]; *Fumo v NAB Constr. Corp.*, 289 AD2d 442, 443 [2d Dept 2001]).

Labor Law § 241 (6) imposes a nondelegable duty on owners, contractors and their agents to provide reasonable and adequate protection and safety to persons employed in construction, excavation or demolition work, and to comply with the safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]; *Seales v Trident Structural Corp.*, 142 AD3d 1153, 1157 [2d Dept 2016]; *Norero v 99-105 Third Ave. Realty, LLC*, 96 AD3d 727, 728 [2d Dept 2012]). In order to prevail on a Labor Law § 241 (6) claim, it must be predicated upon violations of specific codes, rules, or regulations applicable to the circumstances of the accident (*see Moscati v Consolidated Edison Co. of N.Y., Inc.*, 168 AD3d 717, 718 [2d Dept 2019]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 53 [2d Dept 2011]). In his bill of particulars, plaintiff asserts a violation of Industrial Code §§ 23-1.5; 23-1.7(a); 23-1.11; 23-1.15; 23-2.1(a)(1) and (2), as well as violations of several OSHA rules[1] as predicates for his Labor Law § 241 (6) claim. In support of this branch of the motion, plaintiff asserts that he is entitled to summary judgment on his Labor Law § 241 (6) claim as predicated upon a violation of Industrial Code § 23-2.1 (a) (2).

As an initial matter, defendants in their opposition to the instant motion and in support of their cross motion, have made a prima facie showing that 12 NYCRR §§ 23-1.5, 23-1.7 (a), 23-1.11, and 23-1.15 and 23-2.1 (a) (1) are either too general to support a Labor Law § 241 (6) claim, or inapplicable given the circumstances of the accident. In any event, since plaintiff has failed to address these regulations in his motion papers, they are hereby deemed abandoned to the extent plaintiff's Labor Law § 241 (6) claim is based upon violations of these provisions (*see Kempisty v 246 Spring Street, LLC*, 92 AD3d 474, 475 [1st Dept 2012] [holding that "[w]here a defendant so moves, it is appropriate to find that a plaintiff who fails

---

[1] A violation of an OSHA regulation cannot serve as a predicate to liability under Labor Law § 241 (6).

9

[* 9]

to respond to allegations that a certain section is inapplicable or was not violated be deemed to abandon reliance on that particular Industrial Code section"]).

Turning to 12 NYCRR § 23-2.1 (a) (2), plaintiff argues it is applicable to the work that he was performing and that a violation of this provision proximately caused his accident. Industrial Code § 23-2.1 provides, in relevant part, as follows:

> (a)(2) Storage of material or equipment. Material and equipment shall not be stored upon any floor, platform or scaffold in such quantity or of such weight as to exceed the safe carrying capacity of such floor, platform or scaffold. Material and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge.

Plaintiff contends that he was injured because the glass panels fell over the edge of the crate's platform onto his legs thereby causing him to sustain injury. He argues that defendants failed to ensure that the unsecured glass panels were not placed close to the edge of the crate's base, or platform, so as to endanger plaintiff as he stood beneath that edge. Plaintiff maintains that this failure proximately caused his injuries.

In opposition, defendants argue that Industrial Code § 23-2.1 (a) (2) is not applicable as the accident occurred while plaintiff and his co-workers were in the process of removing the glass panels from the crate and was not caused by the manner in which the panels were being stored.

In reply, plaintiff concedes that the glass panels were not being stored at the time of the accident. However, he contends that they were placed close to the edge of the crate's platform in a manner that endangered him and others who were working beneath that edge.

Although this regulation is sufficiently specific to support a Labor Law § 241 (6) claim, the court finds that it is inapplicable to the facts of the instant case (*see Rodriguez v DRLD Dev., Corp.*, 109 AD3d 409, 410 [1st Dept 2013]; *Aragona v State*, 74 AD3d 1260, 1262 [2d Dept 2010]). Contrary to plaintiff's argument, Industrial Code § 23-2.1 (a) (2) applies solely when material is being stored (*see Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 272 [1st Dept 2007] [holding that "although there is a paucity of precedent interpreting this regulation, it does not apply to material and equipment that is not being stored."]; *see also McLaughlin v Malone & Tate Bldrs., Inc.*, 13 AD3d 859, 861 [3d Dept 2004]; *Castillo v Starrett City*, 4 AD3d 320, 321 [2d Dept 2004]; *Da Silva v Porter Ave. Holdings LLC*, 2023 NY Slip Op 32166[U] [Sup Ct, Kings County 2023]). Additionally, the court finds that this provision is not applicable as plaintiff was not "beneath" the "edge" of a "floor, platform or scaffold" at the time of the accident, rather he was in front of, or adjacent to, the platform that the crate was on (*see Rodriguez v D & S Bldrs., LLC*, 98 AD3d 957, 959 [2d Dept 2012]).

10

Accordingly, the court finds that this Industrial Code is not applicable to the facts of the instant case and cannot serve as a predicate for plaintiff's Labor Law § 241 (6) claim (*see Karwowski v Grolier Club of City of N.Y.*, 144 AD3d 865, 867 [2d Dept 2016]; *Canosa v Holy Name of Mary R.C. Church*, 83 AD3d 635, 637 [2d Dept 2011]; *Mikcova v Alps Mech., Inc.*, 34 AD3d 769, 770 [2d Dept 2006]). Based upon the foregoing, that branch of plaintiff's motion seeking summary judgment in his favor on his Labor Law§ 241 (6) claim is denied.

Defendants cross-move (Motion Seq. 3), for summary judgment dismissing plaintiff's claims arising under Labor Law §§ 240 (1), 241 (6), 200 and common law negligence. Defendants acknowledge that their cross motion is untimely. However, the law in the Second Department is that "[a]n untimely motion or cross motion for summary judgment may be considered by the court where a timely motion for summary judgment was made on nearly identical grounds" (*Munoz v Salcedo*, 170 AD3d 735 [2d Dept 2019]). Accordingly, the court will determine the merits of defendants' cross motion.

For the reasons discussed in detail above in relation to plaintiff's motion, that branch of defendants' cross motion seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) claim is denied, and that branch of defendants' cross motion seeking summary judgment dismissing plaintiff's Labor Law § 241 (6) claim is granted and said claim is dismissed in its entirety.

Section 200 of the Labor Law statute is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Haider v Davis*, 35 AD3d 363 [2d Dept 2006]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2d Dept 2008]).

Where "a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (*Mitchell v Caton on the Park, LLC*, 167 AD3d 865, 867 [2d Dept 2018], quoting *Abelleira v City of New York*, 120 AD3d 1163,1164 [2d Dept 2014]; *see Shaughnessy v Huntington Hosp. Assn.*, 147 AD3d 994, 997 [2d Dept 2017]; *Marquez v L & M Dev. Partners, Inc*, 141 AD3d 694, 698 [2d Dept 2016]).

Conversely, "[w]here a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work. Moreover, "'the right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract

11

[* 11]

specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence'" (*Marquez*, 141 AD3d at 698, quoting *Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2d Dept 2010]; *see Gasques v State of New York*, 59 AD3d 666, 668 [2d Dept 2009], *affd on other grounds* 15 NY3d 869 [2010]; *Torre v Perry St. Dev. Corp.*, 104 AD3d 672, 676 [2d Dept 2013]). "The requisite supervision or control exists for Labor Law § 200 purposes when the property owner bears responsibility for the manner in which the work is performed" (*Moscati v Consol. Edison Co. of New York, Inc*, 168 AD3d 717, 720 [2d Dept 2019]).

Here, defendants argue that plaintiff's Labor Law § 200 and common law negligence claims must be dismissed as against them because the accident resulted from the means and methods utilized by Facade and that defendants did not control the means and methods of Facade's work. Specifically, they assert that the accident was caused by the manner in which the Facade employees, including plaintiff, removed the glass panels from the crate. They further note that plaintiff testified that he received all of his instructions regarding how to perform his work from his Facade foreman and that Facade provided him with all of the tools and equipment he utilized on the site. Defendants also point to Mr. McNeice's testimony that each subcontractor, including plaintiff's employer Facade, was responsible for compliance with the site safety plan and ensuring that their employees performed their work in a safe manner (NYSCEF Doc No. 39, McNeice tr at 21, lines 17-25, at 22, lines 2-19). Accordingly, defendants contend that they did not exercise the necessary supervision and control over plaintiff's work to support a claim for common law negligence or a violation of Labor Law § 200, and therefore these claims must be dismissed as a matter of law.

In opposition, plaintiff argues that defendants' contention that they did not control plaintiff's work is belied by Mr. McNeice's testimony that safety meetings discussing the bracing of glass were the responsibility of site safety and Pav-Lak's general superintendent (NYSCEF Doc. No. 39 at 76, lines 7-17). Thus, plaintiff contends that triable issues of fact are presented as to whether defendant Pav-Lak had the authority to exercise the necessary supervision and control over plaintiff's work to support a Labor Law § 200 and common law negligence claim.

Here, plaintiff's accident related to the means and manner of the work, rather than a premises condition (*see Wilson v Bergon Constr. Corp.*, 219 AD3d 1380, 1383 [2d Dept 2023]; *Gomez v 670 Merrick Rd. Realty Corp.*, 189 AD3d 1187, 1191 [2d Dept 2020]; *Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 606-607 [2d Dept 2013]). "Where, as here, the plaintiff's injuries arise from the manner in which the work is performed, to be held liable under Labor Law § 200, 'a defendant must have the authority to exercise supervision and control over the work'" (*Southerton v City of New York*, 203 AD3d 977, 980 [2d Dept 2022], quoting *Navarra v Hannon*, 197 AD3d 474, 476 [2d Dept 2021]).

The court finds that defendants have demonstrated, prima facie, that they did not direct or control the work that plaintiff was performing, as they presented plaintiff's testimony indicating that he was

directed and supervised in his work solely by Facade employees. Although Pav-Lak was responsible for oversight and management of the overall project, there is nothing in the record establishing that Pav-Lak, or any of the defendants, directed or controlled plaintiff's work. Accordingly, that branch of defendants' cross motion seeking summary judgment dismissing plaintiff's Labor Law § 200 and negligence claims is granted and said claims are dismissed (*see Wilson*, 219 AD3d at 1383; *Kefaloukis v Mayer*, 197 AD3d 470, 471 [2d Dept 2021]; *Lopez v Edge 11211, LLC*, 150 AD3d 1214, 1215-1216 [2d Dept 2017]; *Przyborowski v A & M Cook, LLC*, 120 AD3d 651, 652-653 [2d Dept 2014]; *Ortega*, 57 AD3d at 61-62).

Third-party defendant Facade cross-moves (Motion Seq. 4) for an order: a) pursuant to CPLR 603 and 1010, granting severance of all claims and crossclaims asserted against Facade; or in the alternative, b) pursuant to 22 NYCRR § 202.21(e) vacating the Note of Issue and Certificate of Readiness for Trial and striking the case from the trial calendar. Facade argues that the third-party claims asserted against it by defendants should be severed as said claims were raised in a third-party action commenced after the main action was deemed trial ready. In this regard, Facade points out that plaintiff commenced the instant action on March 1, 2021, and all defendants filed an amended answer on August 11, 2021. A preliminary conference order issued on October 18, 2021, required that all impleader actions be commenced within 45 days of completion of all depositions, which were completed on July 11, 2022. Plaintiff filed his motion for summary judgment on October 20, 2022, which included a copy of a contract between Pav-Lek and non-party Zebian International Facade Solutions and a contract between Zebian and Facade. Plaintiff filed his Note of Issue on January 9, 2023. Two months later, on March 9, 2023, defendants/third-party plaintiffs filed the third-party action against Façade, and an answer was filed on June 7, 2023. With its answer, Facade served discovery demands on all parties. On June 9, 2023, plaintiff provided copies of all discovery that had been exchanged prior to the commencement of the third-party action, including copies of medical records. However, Facade contends that plaintiff has failed to provide responses to all of its demands including authorizations.

Specifically, Facade notes that although defendants knew of Facade's involvement at the project upon receipt of plaintiff's Bill of Particulars and that a copy of Facade's contract was attached as an exhibit to plaintiff's summary judgment motion, they waited eleven months after depositions were complete, and months after the Note of Issue was filed before commencing the action. Facade contends that this was an express violation of the Court's preliminary conference order directing any impleader actions be commenced within 45 days after the completion of depositions. In addition, Facade argues that it has not had the opportunity to depose plaintiff, fully review the discovery it has received, conduct any other depositions and retain potential experts to opine if plaintiff was provided with the proper protection required pursuant to the Labor Law.

13

Defendants/third-party plaintiffs oppose Facade's cross motion arguing that the third-party action should not be severed as it is integral to the claims and defenses in the main action and that there is no prejudice to Facade. They further assert that the third-party action should not be severed as there are factual and legal issues in common between the two actions and that the interest of judicial economy and consistency of verdicts will be served by having a single trial.

Plaintiff also opposes the cross motion arguing that it is moot inasmuch as plaintiff has provided responses to all of Facade's demands.

CPLR §§ 603 and 1010 provide the court with the discretionary authority to sever third-party claims where the third-party claims may otherwise unduly delay the determination of the main party action or otherwise prejudice the rights of any party. Such discretion is afforded notwithstanding the desirability of single-forum adjudication of the main and third-party actions (*see Whippoorwill Hills Homeowners Assn., Inc. v Toll at Whippoorwill, L.P.*, 91 AD3d 864, 865 [2d Dept 2012]; *Meczkowski v E.W. Howell Co., Inc.*, 63 AD3d 803, 804 [2d Dept 2009]; CPLR §§ 603 and 1010). Courts, however, remain reluctant to sever the third-party action where the determination of the third-party claims will involve factual and legal issues common with those in the main action because "a single trial [under such circumstances] is appropriate in the interest of judicial economy and to avoid the possibility of inconsistent verdicts" (*Herrera v Municipal Hous. Auth. of City of Yonkers*, 107 AD3d 949, 949 [2d Dept 2013]; *see Nieto v 1054 Bushwick Ave, LLC*, 219 AD3d 754, 755-756 [2d Dept 2023]; *Barrett v New York City Health & Hosps. Corp.*, 150 AD3d 949, 951 [2d Dept 2017]; *Boeke v Our Lady of Pompei School*, 73 AD3d 825, 826 [2d Dept 2010]). These policy concerns warrant a denial of a motion to sever even where, as here, the delay in commencing the third-party action was unjustified as long as prejudice to plaintiff and the third-party defendant can be avoided by insuring that the third-party defendant receives the requisite discovery and that this discovery is provided in an expedited manner such that there is no undue delay of the action (*see Range v Trustees of Columbia Univ. in the City of N.Y.*, 150 AD3d 515, 515 [1st Dept 2017]; *Herrera*, 107 AD3d at 949; *Boeke*, 73 AD3d at 826; *Jones v Board of Educ. of City of N.Y.*, 292 AD2d 500, 501 [2d Dept 2002]; *Klein v City of Long Beach*, 154 AD2d 346, 347 [2d Dept 1989]).

Here, defendants have failed to provide any justification for their delay in commencing the third-party actions and their failure to do so within the time-period provided in the preliminary conference order. However, the court finds any brief additional delay to allow the third-party defendants to conduct expedited discovery would not cause plaintiff any substantial prejudice (*see Klein*, 154 AD2d at 347). Further, in view of the overlapping factual and legal issues that remain between the action and the third-party action, the court finds that denying severance serves the interest of judicial economy. Accordingly,

14

[* 14]

that branch of the cross motion seeking severance is denied. Likewise, that branch of the motion seeking to strike the note of issue and certificate of readiness is denied.

Accordingly, the parties are directed to work out an expedited discovery schedule, with discovery, including a deposition of plaintiff, to be completed on or before April 19, 2024. In addition, as the third-party action was commenced after the filing of the note of issue and before any of the third-party defendants had an opportunity to obtain disclosure, the time to move for summary judgment related to the third-party claims is extended to May 24, 2024 (*see* Parker v *LIJMC-Satellite Dialysis Facility*, 92 AD3d 740, 741-742 [2d Dept 2012]; *Bissell v Town of Amherst*, 56 AD3d 1144, 1146 [4th Dept 2008], lv dismissed in part & lv denied in part 12 NY3d 878 [2009]; *see also Rotante v Advance Tr. Co., Inc.*, 148 AD3d 423, 424-425 [1st Dept 2017]).

To the extent not specifically addressed herein, the parties' remaining contentions and arguments were considered and found to be without merit and/or moot.

Accordingly, it is hereby,

**ORDERED** that plaintiff's motion (Motion Seq. 1) for partial summary judgment in his favor on the issue of liability for his Labor Law §§ 240 (1) and 241 (6) claims is denied; and it is further,

**ORDERED** that the branch of defendants' cross motion (Motion Seq. 3) seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) claim is denied, and that branch of the cross motion seeking summary judgment dismissing plaintiff's Labor Law §§ 241 (6), 200 and common law negligence claims is granted and said claims are dismissed; and it is further,

**ORDERED** that Facade's cross motion (Motion Seq. 4) for severance of the third-party action or the striking of the note of issue and certificate of readiness is denied.

This constitutes the decision and order of the court.

Hon. Ingrid Joseph J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

15