■ STEFAN GUTMAN, Appellant, v CITY OF NEW YORK, Respondent. [911 NYS2d 458]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 2, 2009, which denied his motion for summary judgment on the issue of liability with respect to so much of the complaint as alleged a violation of Labor Law § 240 (1) and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1), and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, an employee of the New York City Transit Authority (hereinafter the Transit Authority), allegedly was injured as he and his coworkers were using rail hooks to move a 39-foot, 1,300-pound rail on top of another rail at the Steinway subway station in Queens. Upon the callman's signal, the plaintiff's coworkers began lifting the rail off the ground, but the plaintiff's hooks were not in place and he was not ready to begin lifting. This allegedly caused the team to lose control of the rail and resulted in the rail falling a distance of 12 to 16 inches onto the plaintiff's right leg. The plaintiff commenced this action against the defendant City of New York, alleging violations of Labor Law § 240 (1) and § 241 (6).

The plaintiff moved for summary judgment on the issue of liability with respect to so much of the complaint as alleged a violation of Labor Law § 240 (1), and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Contrary to the Supreme Court's determination, the defendant failed to show that the height differential was insufficient to implicate the special protections afforded by Labor Law § 240 (1) (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599 [2009]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]; *Outar v City of New York*, 286 AD2d 671 [2001], *affd* 5 NY3d 731 [2005]). While the plaintiff alleged that the rail at issue fell only 12 to 16 inches before landing on his leg, "[t]he elevation differential here involved cannot be viewed as de minimis, particularly given the weight of the object and the amount of force it was capable of generating, even over the course of a relatively short descent" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 605). Therefore, that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) should have been denied.

However, contrary to the plaintiff's contention, he was not entitled to summary judgment on the issue of liability with respect to so much of the complaint as alleged a violation of Labor Law § 240 (1). The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, since there remain issues of fact as to whether the rail "fell, while being hoisted . . . *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Ienco v RFD Second Ave., LLC*, 41 AD3d 537, 539 [2007]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6). With respect to this claim, the defendant established its entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition thereto (*see Vernieri v Empire Realty Co.*, 219 AD2d 593, 596 [1995]). Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.