▮ STEVE McCALLISTER, Respondent, v 200 PARK, L.P., et al., Appellants. (And a Third-Party Action.) [939 NYS2d 538]—

On October 8, 2008, the plaintiff and his foreman, employees of the third-party defendant, Godsell Construction Corp. (hereinafter Godsell), were tasked with transporting moveable baker scaffolds from a Godsell job site to the 32nd floor of another building where Godsell was doing work about 10 blocks away. Four disassembled scaffolds were secured on an assembled scaffold for transport. The platform of the assembled scaffold was four feet high. The total weight of the four stacked scaffolds was about 450 to 550 pounds. To wheel the scaffold, the plaintiff pulled from the front while the foreman pushed from the rear. About halfway to the other building, the front right wheel broke off. The plaintiff held up the corner of the scaffold with the

broken wheel as he continued to pull the scaffold. Upon arriving at the building, the plaintiff and the foreman took the scaffold in a freight elevator to the 32nd floor. As they proceeded through the fire door into a five-foot wide hallway at the job site, the front left wheel broke off as well. The foreman then told the plaintiff they needed to move the scaffold further into the job site and to the left, out of the way of the fire door. The plaintiff squatted down with the bars of the scaffold on his chest in order to pick up the wheelless end of the scaffold. However, rather than moving it to the side as the plaintiff expected, the foreman pushed the scaffold towards him. The scaffold fell forward onto the plaintiff's chest, allegedly pinning him against the wall and injuring his spine.

The plaintiff commenced this action asserting causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). In the order appealed from, the Supreme Court denied the defendants' motion, and granted the plaintiff's cross motion. The defendants appeal from the order. We modify.

Initially, the Supreme Court properly considered the plaintiff's cross motion. While the cross motion was untimely (*see Brill v City of New York*, 2 NY3d 648 [2004]), an untimely cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds (*see Lennard v Khan*, 69 AD3d 812, 814 [2010]; *Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]; *cf. Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]).

The defendants contend that the expert's affidavit proffered by the plaintiff could not properly be considered in opposition to their motion and in support of the plaintiff's cross motion (*see Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]). However, regardless of whether the expert's affidavit could properly be considered, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Contrary to the defendants' contention, the evidence demonstrated that the plaintiff's injury was the result of an elevation differential within the scope of Labor Law § 240 (1). Although the base of the scaffold was at the same level as the plaintiff and the scaffold only fell a short distance, given the combined weight of the device and its load,

and the force it was able to generate over its descent, this difference was not de minimis (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 10 [2011]; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009]; *DiPalma v State of New York*, 90 AD3d 1659 [2011]; *Pritchard v Tully Constr. Co., Inc.*, 82 AD3d 730, 730-731 [2011]; *Gutman v City of New York*, 78 AD3d 886, 886-887 [2010]). Thus, the plaintiff suffered harm that " 'flow[ed] directly from the application of the force of gravity to the [broken scaffold]' " (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 10, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d at 604).

In addition, the plaintiff's deposition testimony established that the statute was violated. Given that two of the scaffold's wheels failed in the course of the plaintiff's task, the scaffold with which the plaintiff was furnished was plainly inadequate for the work being performed (*see Thompson v St. Charles Condominiums*, 303 AD2d 152, 153 [2003]; *see also Cantineri v Carrere*, 60 AD3d 1331, 1333 [2009]).

Furthermore, the record demonstrated that the accident was the direct consequence of the inadequate scaffold. Had the front two wheels of the scaffold remained intact, the plaintiff would not have had to squat beneath the scaffold to compensate for their loss. Moreover, when the foreman pushed, the scaffold simply would have rolled ahead horizontally rather than tipping forward and pinning the plaintiff against the wall. Accordingly, a device that was appropriate for the work being performed would have prevented the accident (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]; *Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d 865, 866 [2008]).

Thus, the plaintiff demonstrated, prima facie, his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Salvagno v J.P. Spano & Co., Inc.*, 67 AD3d 986, 988 [2009]). In opposition, the defendants failed to raise a triable issue of fact as to the absence of a statutory violation or as to whether the plaintiff's own conduct was the sole proximate cause of his accident (*see La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1127 [2010]). Accordingly, the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) was properly granted.

Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). The defendants failed to sustain their prima facie burden of demonstrating that the Industrial

Code provisions governing the weight-bearing requirements of scaffolds and scaffold casters (*see* 12 NYCRR 23-5.1 [b], [c] [1]; 23-5.18 [e]) and the proper transportation of scaffolds (*see* 12 NYCRR 23-5.18 [h]) were either factually inapplicable to this case or were satisfied.

However, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, as they established that they neither possessed nor exercised any supervisory authority or control over the means and method of the plaintiff's work, and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.