In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered September 16, 2015, as, upon reargument, adhered to so much of a determination in an order of the same court entered December 8, 2014, as granted those branches of the defendants’ motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1) and common-law negligence.
 

 Ordered that the order entered September 16, 2015, is modified, on the law, by deleting the provision thereof, upon re-argument, adhering to so much of the original determination in the order dated December 8, 2014, as granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision, upon re-argument, vacating that portion of the original determination, and thereupon, denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The plaintiff, a carpenter apprentice employed by Nastasi & Associates, Inc., alleges that on May 15, 2010, he was injured at a construction site owned by the defendant 400 Fifth Realty, LLC, developed by the defendant Bizzi & Partner Development, and managed by the defendant Pavarini McGovern, LLC (hereinafter collectively the defendants). While in the course of his work, the plaintiff was pushing a dolly loaded with approximately 16 pieces of sheetrock up a temporary plywood ramp. The sheetrock pieces were approximately 10-feet-long by 4-feet-wide and 1/2 or 3/4 of an inch thick. The base of the ramp was approximately 4 to 5 feet off the ground. As the plaintiff was using momentum to push the dolly up the ramp, the dolly suddenly stopped. The plaintiff attempted to push the dolly forward using additional force, but the dolly rolled backward down the ramp. As it rolled down, the dolly struck the plaintiff, causing his body to hit an adjacent concrete wall and fall onto the ramp. The dolly then struck a wall, which caused two pieces of sheetrock to break and fall down onto the plaintiff.
 

 The plaintiff commenced this action asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). Subsequently, the defendants moved for summary judgment dismissing the complaint and all cross claims. The Supreme Court granted those branches of the motion with respect to the common-law negligence and Labor Law §§ 200 and 240 (1) causes of action. The plaintiff moved for leave to reargue and, upon reargument, the Supreme Court adhered to its original determination. On appeal, the plaintiff contends that the court erred in awarding summary judgment with respect to the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1).
 

 Labor Law § 240 (1) “imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker” (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011] [internal quotation marks omitted]). “Whether a plaintiff is entitled to recovery under Labor Law § 240 (1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies” (id. at 7; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]). “[T]he dispositive inquiry . . . does not depend upon the precise characterization of the device employed or upon whether the injury resulted from a fall, either of the worker or of an object upon the worker. Rather, the single decisive question is whether plaintiff’s injuries were the direct consequence of a failure to provide . . . protection against a risk arising from a physically significant elevation differential” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10). In this regard, in addressing falling object cases, as here, the relevant inquiry is “whether the harm flows directly from the application of the force of gravity to the object” (Runner v New York Stock Exch., Inc., 13 NY3d at 604).
 

 Contrary to the defendants’ contentions, the elevation differential between the worker and the loaded dolly while on a four-to-five-foot-high ramp “cannot be viewed as de minimis, particularly given the weight of the object and the amount of force it was capable of generating” (id. at 605; see Aramburu v Midtown W. B, LLC, 126 AD3d 498, 499-500 [2015]; Treile v Brooklyn Tillary, LLC, 120 AD3d 1335, 1338 [2014]; McCallister v 200 Park, L.P., 92 AD3d 927, 928-929 [2012]; Gutman v City of New York, 78 AD3d 886, 887 [2010]). Indeed, in opposition to the defendants’ original motion, the plaintiff’s expert averred that the 16 pieces of sheetrock loaded onto the dolly weighed more than 1,000 pounds. Here, given the amount of force generated by the dolly rolling uncontrollably down the temporary ramp, the defendants failed to establish, prima facie, that Labor Law § 240 (1) is not applicable on the ground that the injury did not result from a gravity-related or elevation-related hazard (see Runner v New York Stock Exch., Inc., 13 NY3d at 603; Landi v SDS William St., LLC, 146 AD3d 33, 38 [2016]; Aramburu v Midtown W. B, LLC, 126 AD3d at 499; Treile v Brooklyn Tillary, LLC, 120 AD3d at 1337-1338; McCallister v 200 Park, L.P., 92 AD3d at 929; Gutman v City of New York, 78 AD3d at 887).
 

 The defendants also failed to establish, prima facie, that no safety device of the kind enumerated in the statute would have prevented the accident under the circumstances (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]; Aramburu v Midtown W. B, LLC, 126 AD3d at 499).
 

 Accordingly, upon reargument, the Supreme Court erred in granting that branch of the defendants’ motion which was for summary judgment dismissing the plaintiff’s cause of action alleging a violation of Labor Law § 240 (1).
 

 The Supreme Court properly awarded summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. Labor Law § 200 is the codification of the common-law duty to maintain a safe construction site (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Olarte v Morgan, 148 AD3d 918, 919 [2017]). Liability for injuries arising from the manner in which work is performed requires authority to exercise supervision or control over the injury-producing work (see Olarte v Morgan, 148 AD3d at 919; Zupan v Irwin Contr., Inc., 145 AD3d 715, 716 [2016]). General supervisory authority is insufficient to impose liability (see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 698 [2016]; Allan v DHL Express [USA], Inc., 99 AD3d 828, 829 [2012]). Here, the defendants established, prima facie, that they did not have such authority to exercise supervision or control over the injury-producing work. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
 

 Accordingly, upon reargument, the Supreme Court properly adhered to so much of the original determination as awarded summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.