Gonzalez v Madison Sixty, LLC (2023 NY Slip Op 02866)

Gonzalez v Madison Sixty, LLC

2023 NY Slip Op 02866

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-02970
 (Index No. 13395/15)

[*1]Emilio Gonzalez, et al., appellants,
v
Madison Sixty, LLC, respondent, et al., defendant (and a third-party action).

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated January 15, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Madison Sixty, LLC.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Madison Sixty, LLC, is granted.
The plaintiff Emilio Gonzalez (hereinafter the injured plaintiff) allegedly was injured while working at a construction project at premises owned by the defendant Madison Sixty, LLC (hereinafter Madison). On the date of the accident, the injured plaintiff and his coworkers were attempting to transport a compressor, which weighed approximately 300 pounds, from a sidewalk to the street. To reach the street, the compressor had to cross a trench approximately two feet deep, which the workers had covered with a ramp made of plywood. As the workers moved the compressor across the ramp, the ramp broke, causing the compressor to fall into the trench and the handle of the compressor to strike the injured plaintiff's foot.
The injured plaintiff, and his wife suing derivatively, commenced this personal injury action, alleging common-law negligence and violations of the Labor Law. The plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Madison. Madison opposed the motion, contending, inter alia, that the accident was not caused by the type of elevation-related risk contemplated by Labor Law § 240(1), and that the injured plaintiff's conduct was the sole proximate cause of the accident. By order dated January 15, 2020, the Supreme Court, among other things, denied that branch of the plaintiffs' motion. The plaintiffs appeal.
"Labor Law § 240(1) imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure" (Bland v Manocherian, 66 NY2d 452, 459). "Whether [*2]a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). "[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Kandatyan v 400 Fifth Realty, LLC, 155 AD3d 848, 850). "In this regard, in addressing falling object cases . . . the relevant inquiry is 'whether the harm flows directly from the application of the force of gravity to the object'" (Kandatyan v 400 Fifth Realty, LLC, 155 AD3d at 850, quoting Runner v New York Stock Exch., Inc., 13 NY3d at 604).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Madison. In support of their motion, the plaintiffs submitted evidence sufficient to establish, prima facie, that the injured plaintiff's accident was proximately caused by Madison's failure to provide appropriate safety devices to protect against gravity-related hazards posed by maneuvering the compressor over the trench (see Rodriguez v Waterfront Plaza, LLC, 207 AD3d 489, 490; Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439; McCallister v 200 Park, L.P., 92 AD3d 927, 928-929). The plaintiffs also demonstrated that the injured plaintiff's accident was the result of an elevation differential within the scope of Labor Law § 240(1). Although the compressor only fell a short distance, given the weight of the compressor and the amount of force it was capable of generating, the height differential was not de minimis (see Runner v New York Stock Exch., Inc., 13 NY3d at 605; Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409; McCallister v 200 Park, L.P., 92 AD3d at 928-929; Pritchard v Tully Const. Co., 82 AD3d 730, 731). Thus, the injured plaintiff suffered harm that flowed directly from the application of the force of gravity to the compressor (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10; McCallister v 200 Park, L.P., 92 AD3d at 929).
In opposition, Madison failed to raise a triable issue of fact as to the absence of a statutory violation or as to whether the injured plaintiff's own conduct was the sole proximate cause of his accident (see McCallister v 200 Park, L.P., 92 AD3d at 929).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Madison.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court