## Meza v Dutch Vortex LLC

2024 NY Slip Op 31948(U)

June 5, 2024

Supreme Court, New York County

Docket Number: Index No. 160934/2020

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**                                    PART                    57M

*Justice*

-----------------------------------------------------------------------------X

JONATHAN GUSTAVO MENDEZ MEZA,

                              Plaintiff,

            - v -

DUTCH VORTEX LLC,37-11 30TH STREET HOLDINGS
LLC,SD BUILDERS AND CONSTRUCTION LLC,

                              Defendant.

-----------------------------------------------------------------------------X

37-11 30TH STREET HOLDINGS LLC, SD BUILDERS AND
CONSTRUCTION LLC

                              Plaintiff,

            -against-

RISE CONCRETE LLC

                              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160934/2020 |
| MOTION DATE | 02/29/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595466/2024

The following e-filed documents, listed by NYSCEF document number (Motion 001) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 61, 62, 63, 69

were read on this motion to/for               JUDGMENT - SUMMARY              .

## BACKGROUND

On December 16, 2020, Plaintiff initiated this action under the Labor Law to recover for

alleged serious personal injuries sustained on November 19, 2020, while he provided

construction services on behalf of Defendants at the property located at 37-11 Astoria Boulevard

in Queens.  Plaintiff alleges injuries to his neck, back and shoulder that required surgery.

**160934/2020   MENDEZ MEZA, JONATHAN GUSTAVO vs. DUTCH VORTEX LLC**
**Motion No.  001**

**Page 1 of 7**

1 of 7

[* 1]

## PENDING MOTION

On March 27, 2024, Plaintiff moved for partial summary judgment as to liability under Labor Law § 240(1). The motion was fully briefed and marked submitted on May 10, 2024, and the Court reserved decision. For the reasons set forth below, the motion is granted.

## ALLEGED FACTS

The Court finds the following facts uncontested pursuant to the statement and counterstatement of facts submitted by the parties.

Plaintiff was involved in an accident on November 19, 2020, at approximately 11:40 a.m., while in the course of his employment for non-party Rise Concrete ("Rise") and while working at the construction site located at 37-11 Astoria Boulevard in Queens ("the Project").

The site was owned by Defendant 37-11 30th Street Holdings. Defendant SD Builders and Construction LLC was the general contractor for the project.

Plaintiff was tasked with passing materials by hand from the fourth floor through a small hole to his co-worker, Alonso, who was standing on the fifth floor some fourteen feet above Plaintiff.

A hoist or boom was previously available for this task but could not be used on the date of the accident because it was broken. The record does not disclose whether other hoists or booms were available. Plaintiff and his co-worker were not provided with any ladders or platforms, or any device to secure or hoist the materials.

Plaintiff's accident occurred when his co-worker dropped a 5'7" metal beam, which weighed approximately 40 pounds, that Plaintiff had passed up to him. The beam struck Plaintiff in the shoulder with such force that it drove him to the ground, causing Plaintiff to fall onto his back.

**160934/2020   MENDEZ MEZA, JONATHAN GUSTAVO vs. DUTCH VORTEX LLC**          **Page 2 of 7**
  **Motion No.  001**

2 of 7

## DISCUSSION

To prevail on a motion for summary judgment, the moving party must establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor. *Winegrad v. New York Univ. Med. Ctr.,* 64 N.Y.2d 851 (1985)*; Zuckerman v. City of New York,* 49 N.Y.2d 557 (1980). Absent such a *prima facie* showing, the motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hospital,* 68 NY2d 320, 324 [1986]).

However, "[o]nce the movant makes the required showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact that precludes summary judgment and requires a trial" (*Dallas-Stephenson v Waisman,* 39 AD3d 303, 306 [1st Dept 2007], citing *Alvarez,* 68 NY2d at 324). "[A]ll of the evidence must be viewed in the light most favorable to the opponent of the motion" (*People v Grasso,* 50 AD3d 535,544 [1st Dept 2008]). "On a motion for summary judgment, the court's function is issue finding, not issue determination, and any questions of credibility are best resolved by the trier of fact" (*Martin v Citibank, N.A.,* 64 AD3d 477,478 [1st Dept 2009]; *see also Sheehan v Gong,* 2 AD3d 166,168 [1st Dept 2003] ["The court's role, in passing on a motion for summary judgment, is solely to determine if any triable issues exist, not to determine the merits of any such issues"], *citing Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404 [1957]).

Labor Law § 240(1) provides:

All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons,

**160934/2020 MENDEZ MEZA, JONATHAN GUSTAVO vs. DUTCH VORTEX LLC** **Page 3 of 7**
**Motion No. 001**

ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein (*see, Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 N.Y.2d 494, 501, 601 N.Y.S.2d 49, 618 N.E.2d 82).[*]

The decisive question is whether the worker's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential, *Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90 (2015); *Runner v New York Stock Exchange, Inc*., 13 NY3d 599 (2009); *Gonzalez v Madison Sixty, LLC*, 216 AD3d 1141 (2d Dept 2023).

> In order to prevail on summary judgment in a section 240(1) "falling object" case, the injured worker must demonstrate the existence of a hazard contemplated under that statute "and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v. Manhasset Bay Assoc.,* 96 N.Y.2d 259, 267, 727 N.Y.S.2d 37, 750 N.E.2d 1085 [2001], citing *Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 N.Y.2d 494, 501, 601 N.Y.S.2d 49, 618 N.E.2d 82 [1993] ). Essentially, the plaintiff must demonstrate that at the time the object fell, it either was being  "hoisted or secured" (*Narducci,* 96 N.Y.2d at 268, 727 N.Y.S.2d 37, 750 N.E.2d 1085), or "required securing for the purposes of the undertaking" (*Outar v. City of New York,* 5 N.Y.3d 731, 732, 799 N.Y.S.2d 770, 832 N.E.2d 1186 [2005]; *see Quattrocchi v. F.J. Sciame Constr. Corp.,* 11 N.Y.3d 757, 759, 866 N.Y.S.2d 592, 896 N.E.2d 75 [2008] ).

*Fabrizi v. 1095 Ave. of Americas, L.L.C.*, 22 N.Y.3d 658, 662–63, (2014).

Here, Plaintiff's testimony, affidavit, Defendants' accident report, and the testimony of Timothy Flynn on behalf of Defendants all establish that Plaintiff was injured because the beam was inadequately hoisted and secured.

**160934/2020   MENDEZ MEZA, JONATHAN GUSTAVO vs. DUTCH VORTEX LLC**                **Page 4 of 7**
  **Motion No.  001**

[* 4]

4 of 7

In *Iuculano v. City of New York*, 214 A.D.3d 535, 535 [1st Dept. 2023], the plaintiff testified that he was injured when a set of vertical beams and a "horizontal five beam" fell on him as he and the foreman attempted to move it; whereas the foreman affirmed "that the legs and five beam instead fell as they were being lifted with braces, because one of the coworkers lost his grip at the base." The First Department held as follows:

> There are no issues of fact as to either the nonexistence (under plaintiff's version of events) or inadequacy (under plaintiff's foreman's version of events) of the safety devices involved in plaintiff's accident that would preclude summary judgment in his favor on his Labor Law § 240(1) claim (*see e.g. Cashbamba v. 1056 Bedford LLC*, 168 A.D.3d 638, 639 [1st Dept. 2019]). Under plaintiff's version of events, no safety devices were in place to afford plaintiff proper protection against the legs and five beam falling and striking him as plaintiff's foreman and coworkers attempted to reposition it (*see e.g. Encarnacion v. 3361 Third Ave. Hous. Dev. Fund Corp.*, 176 A.D.3d 627 [1st Dept. 2019]; *Pritchard v. Tully Constr. Co., Inc.*, 82 A.D.3d 730 [2d Dept. 2011]). Under plaintiff's foreman's version of events, the braces that he said were being used to raise the legs and five beam clearly failed to afford plaintiff proper protection against their falling and striking him (*see e.g. Runner v. New York Stock Exch., Inc.*, 13 N.Y.3d 599 [2009]; *Jarama v. 902 Liberty Ave. Hous. Dev. Fund Corp.*, 161 A.D.3d 691, 692, [1st Dept. 2018]). **That plaintiff's foreman averred that the legs and five beam fell because one of the coworkers lost his grip is irrelevant, as people are not safety devices within the meaning of Labor Law § 240(1)** (*see Rodriguez v. BSREP UA Heritage LLC*, 181 A.D.3d 537, 538 [1st Dept. 2020]; *Noor v. City of New York*, 130 A.D.3d 536, 541 [1st Dept. 2015], lv dismissed 27 N.Y.3d 975 [2016]; *cf. e.g. Natoli v. City of New York*, 180 A.D.3d 477, 478 [1st Dept. 2020] [verdict that the defendants violated Labor Law § 240(1) was supported by legally sufficient evidence that, "based on its size, weight, and configuration, it was unsafe for two laborers, such as plaintiff and his coworker, to manually move [a skid], and that a safety device ... was required"]).

*Id.* at 535-36 (emphasis added).

In this case it is undisputed that Plaintiff was not provided with any safety equipment to address the foreseeable risk that an unsecured beam could fall on him while being hoisted. Given that it is undisputed that no safety devices were provided to him, and his injury flows directly from the application of the force of gravity to the object, Plaintiff has established a *prima facie* entitlement to summary judgment on liability. *Taopanta v. 1211 6th Ave. Prop. Owner, LLC.*, 212 A.D.3d 566, 566-67 [1st Dept. 2023].

**160934/2020   MENDEZ MEZA, JONATHAN GUSTAVO vs. DUTCH VORTEX LLC**
**Motion No.  001**

**Page 5 of 7**

5 of 7

In response, Defendants have failed to raise a triable issue of fact. There is no dispute that the beam was unsecured, and no steps were taken to provide adequate protections to Plaintiff before his accident. Defendants' argument that there is a question as to whether beam need to be secured is unsupported. Defendants' speculation that there may have been more than one hoist/boom that could have been used, or that Plaintiff may have been aware of same is insufficient to create an issue of fact.

It is incumbent upon opponents of summary judgment to lay bare their proof and evidence. *See, e.g., Hoover v. New Holland, Inc*., 23 N.Y.3d 41, 56 [2014]. Speculative or conclusory claims by counsel as to whether another boom was available, the practice of moving materials by hand was safe, or no additional equipment was required are insufficient to raise a triable issue of fact. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 563 [1980].

WHEREFORE it is hereby:

ORDERED, that Plaintiff's motion for partial summary judgment with respect to liability on its Labor Law § 240(1) claim is granted; and it is further

ORDERED that an immediate trial of the issues regarding damages shall be had before the Court; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

**160934/2020   MENDEZ MEZA, JONATHAN GUSTAVO vs. DUTCH VORTEX LLC**
**Motion No.  001**

**Page 6 of 7**

ORDERED that counsel appear for a virtual pre-trial conference on July 29, 2024, at 3:00

PM, at which time a final trial date will be scheduled.

This constitutes the decision and order of this court.

20240605111836SBKRAUSA40E25495C19476A8376211C26C52E61

_____
**6/5/2024**
**DATE**

_____
**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160934/2020   MENDEZ MEZA, JONATHAN GUSTAVO vs. DUTCH VORTEX LLC**          **Page 7 of 7**
**Motion No.  001**

7 of 7

[* 7]