**Songqian Li v Pride Hotel LLC**

2024 NY Slip Op 33142(U)

September 9, 2024

Supreme Court, Kings County

Docket Number: Index No. 503827/2019

Judge: Wayne P. Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at 360
Adams Street, Brooklyn, New York, on
the 9th day of September, 2024.

P R E S E N T:
Hon. Wayne P. Saitta, Justice.

-----------------------------------------------------------------------X
SONGQIAN LI,

                        Plaintiff,               Index No. 503827/2019

        -against-

                                         DECISION AND ORDER
PRIDE HOTEL LLC, METAL STONE CORP and    MS #10 and MS #12
TRIBOROUGH CONSTRUCTION SERVICES INC.,

                        Defendants,
-----------------------------------------------------------------------X
TRIBOROUGH CONSTRUCTION SERVICES INC.,

                    Third-Party Plaintiff,

        -against-

GREAT CITY PLUMBING & HEATING CORP.

                    Third-Party Defendant.
-----------------------------------------------------------------------X

The following papers read on this motion:

                                    NYSCEF Doc Nos

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 171-190 |
| Cross-motions Affidavits (Affirmations) and Exhibits | 223-226 |
| Answering Affidavit (Affirmation) | 227-230 |
| Reply Affidavit (Affirmation) | 231-233 |
| Supplemental Affidavit (Affirmation) | |

       This action arises from a construction accident in which Plaintiff was injured when

a metal sprinkler pipe he was supporting while it was being lowered knocked him

backwards causing the bottom of the pipe to crush his right hand.

[* 1]

Defendant PRIDE HOTEL owned the building where the accident took place.

Defendant PRIDE HOTEL hired Defendant TRIBOROUGH CONSTRUCTION SERVICES INC. (Defendant TRIBOROUGH) as the general contractor.

Plaintiff was employed as a plumber/laborer by Third-Party Defendant GREAT CITY PLUMBING, a subcontractor hired by Defendant TRIBOROUGH.

On October 11, 2018, Plaintiff and an employee of another subcontractor were lowering sprinkler pipes from the first floor of the building to a lower landing.

The first set of stairs leading from the first floor to a mid-landing were too short for the pipe to be carried down those steps, so a temporary opening within a wall on the first floor was used to lower the sprinkler pipes down to the lower landing.

Each pipe was pushed through the opening and Plaintiff would grab the end of the pipe to control its descent. Once the majority of the pipe passed through the opening the weight of the pipe was bearing upon Plaintiff.

Plaintiff was not provided with any safety device such as a rope or hoist to control the pipe as it was being lowered.

At the time of the accident, a majority of the pipe had been pushed past the opening in the wall and Plaintiff was holding the bottom end of the pipe. The force of the pipe descending knocked Plaintiff backwards and the pipe crushed Plaintiff's right hand against the backwall of the lower landing.

Plaintiff's complaint alleges three causes of action: Labor Law § 240(1), Labor Law § 241(6), and Labor Law § 200 and common law negligence.

Plaintiff moves for summary judgment on liability against Defendant PRIDE HOTEL and Defendant TRIBOROUGH pursuant to Labor Law § 240(1).

2

[* 2]

Defendant PRIDE HOTEL cross-moves to dismiss Plaintiff's claims pursuant to Labor Law §240(1), Labor Law § 241(6), and Labor Law § 200 and common law negligence.

Defendant TRIBOROUGH did not oppose Plaintiff's motion. Therefore, Plaintiff's motion for summary judgment on liability against Defendant TRIBOROUGH pursuant to Labor Law § 240(1) must be granted.

After oral argument, that portion of Defendant PRIDE HOTEL's cross-motion to dismiss as to Plaintiff's claims pursuant to Labor Law § 241(6) and Labor Law § 200 and common law negligence was granted.

## Labor Law § 240(1)

Defendant PRIDE HOTEL makes two arguments: first, that Plaintiff was engaged in carrying the pipe and the height differential between Plaintiff and the pipe was insufficient to constitute an elevation-related hazard under the protection of § 240(1), and second, that Plaintiff was the sole proximate cause of the accident because he failed to get another worker to assist him with guiding the pipe down.

### Height Differential

Defendant PRIDE HOTEL cites *Rodriguez v. Margaret Tietz Ctr. for Nsg. Care, Inc.,* 84 NY2d 841 [1994] to distinguish *Runner v. New York Stock Exch. Inc.,* 13 NY3d 599 [2009]. In *Rodriguez,* the Court of Appeals held that the plaintiff was exposed to the usual and ordinary dangers of a construction site, not the special elevation risks contemplated by Labor Law § 240(1), in placing a 120-pound beam on the ground from seven inches above his head with the assistance of three other co-workers. Similar to the

[* 3]

present case, the plaintiff in *Rodriguez* was injured when the beam just above his head struck his knee.

However, the decision in *Rodriguez* predates that of *Runner*. The Court of Appeals held in *Runner that* the fact that a plaintiff was not working at an elevation does not necessarily take a worker outside of the protections of § 240(1).

*Runner* did not involve a falling worker or a falling object that struck a worker, but an elevation differential and the Court of Appeals ruled that § 240(1) applies to harm directly flowing from the application of the force of gravity to an object.

The facts in *Runner* were that several workers were lowering a heavy reel of wire down a set of stairs by tying one end of rope to the reel and wrapping the rope around a metal bar attached to a door frame and having the plaintiff hold the other end of the rope. The force of the reel descending pulled the plaintiff into the bar injuring him. Experts for the plaintiff testified that a pulley or hoist should have been used to lower the reel safely.

In *Runner,* the Second Circuit had certified to the Court of Appeals the question that "[i]f an injury stems from neither a falling worker nor a falling object that strikes a plaintiff, does liability exist under section 240 (1) of New York's Labor Law?" (*Runner* at 602-603).

The Court of Appeals in holding that such an accident fell within the scope of Labor Law 240(1) stated that "[t]he relevant inquiry—one which may be answered in the affirmative even in situations where the object does not fall on the worker—is rather whether the harm flows directly from the application of the force of gravity to the object" (*id.* at 604).

As was the case in *Runner*, here the object did not fall onto Plaintiff, but the force of gravity on the object Plaintiff was holding, was sufficiently great to injure Plaintiff.

4

[* 4]

While Defendant PRIDE HOTEL attempts to distinguish the cases cited by Plaintiff solely based on the weight of the objects in those cases being heavier than the pipe in question here, "the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner at* 603). "In this regard, in addressing falling object cases . . . the relevant inquiry is 'whether the harm flows directly from the application of the force of gravity to the object'" (*Gonzalez v. Madison Sixty, LLC.*, 216 AD3d 1141, 1142 [2d Dept 2023], *Kandatyan v. 400 Fifth Realty, LLC,* 155 AD3d 848, 850 [2d Dept 2017] both quoting *Runner*).

In *Gonzalez*, the plaintiff was injured when he and his coworkers were attempting to transport a compressor from a sidewalk to the street. To reach the street, the compressor had to cross a trench approximately two feet deep, which the workers had covered with a ramp made of plywood. As the workers moved the compressor across the ramp, the ramp broke, causing the compressor to fall into the trench and the handle of the compressor to strike the plaintiff's foot.

The Second Department held that "plaintiff's accident was proximately caused by [the defendant's] failure to provide appropriate safety devices to protect against gravity-related hazards posed by maneuvering the compressor over the trench" and "[a]lthough the compressor only fell a short distance, given the weight of the compressor and the amount of force it was capable of generating, the height differential was not de minimis . . . [and] plaintiff suffered harm that flowed directly from the application of the force of gravity to the compressor (*Gonzalez* at 1142).

5

Here, Plaintiff's injuries were the direct consequence of Defendant PRIDE HOTEL's "failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner at* 603).

The metal sprinkler pipe was 10 feet long and 6 inches in diameter. Plaintiff testified that the pipe was about 60-70 pounds and Plaintiff's Civil Engineer Expert, Nicholas Bellizzi, estimated the pipe was about 93 pounds. Bellizzi stated that as an increasing portion of the pipe moved past the edge opening, a proportional additional weight of the unsupported lower end of the pipe shifted to Plaintiff. He concluded that the pipe should have been lowered by use of a rope and carabiner clip.

There was a four-foot drop from the wall opening on the first floor to the lower landing. Therefore, there was a four-foot height differential between Plaintiff and the first-floor wall opening, where the pipe was being lowered from.

Similar to the facts in *Gonzalez*, the height differential was not de minimis given that Plaintiff was to receive, control and contain the weight of the pipe with his right hand cupping the open end of the pipe while descending the lower stairway, on his own. As the pipe descended past the wall opening on the first floor, additional weight of the pipe shifted to Plaintiff resulting in the force of gravity exerted on the pipe overpowering Plaintiff.

As in *Gonzalez*, the harm to Plaintiff flowed directly from the application of the force of gravity to the sprinkler pipe (*see Gonzalez* at 1142*)*. Plaintiff's injury is directly attributable to the risk posed by the four-foot elevation differential.

6

**Sole proximate cause**

Defendant argues that Plaintiff was the sole proximate cause of his injuries because he failed to get another worker to assist him with holding and guiding the pipe down.

Labor Law § 240(1) "imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (*Barreto v. Metropolitan Transp. Authority*, 25 NY3d 426, 433 [2015]). "'[W]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense'; however, 'where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability'" (*id., quoting Cahill v. Triborough Bridge and Tunnel Authority*, 4 NY3d 35, 39 [2004].)

Defendant submitted no evidence that Plaintiff was instructed to get another worker to assist him in lowering the pipe, or not to attempt to lower the pipe in the manner he did. Further, there was no evidence submitted that he was provided a suitable safety device such as a rope or harness that he refused to use.

As discussed above, Plaintiff's injuries were the direct consequence of Defendant PRIDE HOTEL's failure to provide adequate protection against a risk arising from a physically significant elevation differential.

**Unwitnessed Accident**

Defendant asserts that granting Plaintiff summary judgment is inappropriate because the accident was unwitnessed. Plaintiff counters that the accident was witnessed by the worker who was lowering the pipe. In any event, the fact that an accident may be unwitnessed is not a bar to the granting of summary judgment (*Klein v. City of New York*, 89 NY2d 833, [1996]; *Melchor v. Singh,* 90 AD3d 866 [2d Dept, 2011]).

7

[* 7]

Therefore, Plaintiff's motion as to Labor Law § 240(1) must be granted and Defendant PRIDE HOTEL's motion as to Labor Law § 240(1) must be denied.

WHEREFORE, it is ORDERED that Plaintiff's motion for summary judgement against Defendants PRIDE HOTEL and TRIBOROUGH on his claims pursuant to Labor Law § 240(1) is granted; and it is further,

ORDERED, that that portion of Defendant PRIDE HOTEL's cross-motion to dismiss Plaintiff's Labor Law § 240(1) claim is denied.

This constitutes the decision and order of the Court.

ENTER,

_____

J.S.C.

8

[* 8]