Davila v City of New York (2024 NY Slip Op 05433)

Davila v City of New York

2024 NY Slip Op 05433

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-03365
 (Index No. 517326/17)

[*1]Christopher Davila, appellant, 
v
City of New York, et al., respondents.

Law Office of Cohen & Jaffe, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Cerussi & Spring, P.C., White Plains, NY (Jennifer R. Freedman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 4, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on those causes of action.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In September 2017, the plaintiff commenced this action against the defendants, City of New York, New York City Board of Education, New York City Department of Education, New York City School Construction Authority, and E.W. Howell Co., LLC (hereinafter Howell), to recover damages for personal injuries he alleged he sustained in January 2017 when he was working at the defendants' construction site in Brooklyn. According to the plaintiff, the defendants, inter alia, violated Labor Law §§ 240(1) and 241(6) when a 400-pound duct lift toppled off of an unsteady ramp and hit him. The plaintiff alleged, among other things, that Howell was the general contractor on the project and that AWL Industries, Inc., the plaintiff's employer, was subcontracted to perform heating, ventilation, and air conditioning work and related duct work.
The defendants moved for summary judgment dismissing the complaint. The plaintiff opposed and cross-moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), the latter being predicated upon a violation of Industrial Code (12 NYCRR) § 23-1.22(b). In an order dated November 4, 2022, the [*2]Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on those causes of action. The plaintiff appeals.
"'Labor Law § 240(1) imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure'" (Gonzalez v Madison Sixty, LLC, 216 AD3d 1141, 1142, quoting Bland v Manocherian, 66 NY2d 452, 459; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 6-7). "The contemplated hazards [of Labor Law § 240(1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; see Rodriguez v Waterfront Plaza, LLC, 207 AD3d 489, 490).
"'Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies'" (Gonzalez v Madison Sixty, LLC, 216 AD3d at 1142, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7). The "single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "'[I]n addressing falling object cases . . . the relevant inquiry is whether the harm flows directly from the application of the force of gravity to the object'" (Gonzalez v Madison Sixty, LLC, 216 AD3d at 1142, quoting Kandatyan v 400 Fifth Realty, LLC, 155 AD3d 848, 850 [internal quotation marks omitted]). "A plaintiff must show that 'the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute'" (Castano v Algonquin Gas Transmission, LLC, 213 AD3d 905, 907, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [emphasis added]).
Here, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), as the defendants failed to satisfy their prima facie burden. Although the defendants submitted evidence establishing that the alleged elevation differential measured only 10 to 12 inches, given the heavy weight of the duct lift and the amount of force it was capable of generating, the elevation differential was not de minimis (see Kandatyan v 400 Fifth Realty, LLC, 155 AD3d at 850). The plaintiff submitted evidence to show that he suffered harm that flowed directly from the application of the force of gravity to the duct lift (see Gonzalez v Madison Sixty, LLC, 216 AD3d at 1142-1143; McCallister v 200 Park, L.P., 92 AD3d 927, 929).
Moreover, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff submitted, inter alia, a transcript of his deposition testimony, which established, prima facie, that the defendants violated Labor Law § 240(1) by failing to provide an appropriate safety device, namely a secured ramp, to protect against the elevation-related hazard that was posed by maneuvering the heavy duct lift over the ramp (see Gonzalez v Madison Sixty, LLC, 216 AD3d at 1142; McCallister v 200 Park, L.P., 92 AD3d at 929). In opposition, the defendants failed to raise a triable issue of fact.
However, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on that cause of action.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers . . . In order to recover damages on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish [*3]the violation of an Industrial Code provision which sets forth specific safety standards" (Le Veglia v St. Francis Hosp., 78 AD3d 1123, 1125 [internal quotation marks omitted]). "In order to establish prima facie entitlement to summary judgment, a defendant must show that the plaintiff failed to identify a section of the Industrial Code that was allegedly violated, that any such section is insufficiently specific to support liability or is inapplicable to the facts of the case, or that the defendant complied with the requirements of the identified provision" (Gonzalez v City of New York, 227 AD3d 958, 960).
Here, the defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6) by demonstrating that no specific safety standard under 12 NYCRR § 23-1.22(b) was violated (see id. § 23-1.22[b][1]; Mancini v Pedra Constr., 293 AD2d 453, 454). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court